FILED
SUPERIOR COURT
OF GUAM

2014 MAY 15 PM 4: 52

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0075-14 |
| v. | |
| ELI EWING, | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 24, 2014, on Defendant Eli Ewing's ("Defendant") Motion to Exclude Evidence of Other Crimes, Wrongs or Acts. Attorney Jeffrey Moots was present on behalf of the Defendant. Attorney James Stake was present on behalf of the People of Guam ("Government"). Having reviewed the pleadings and the arguments presented, the Court now issues its Decision and Order.

## BACKGROUND

On January 19, 2014, a Magistrate's Complaint was filed against Defendant, charging him with Driving While under the Influence of Alcohol, Failure to Possess Required Driver's License, Possession of an Open Container, and Improper Storage of an Opened Container. On February 4, 2014, Defendant filed a request that the Government serve notice of intention to offer evidence. On February 11, 2014, the Government filed its Notice of Intent to Admit Evidence of Crimes, Wrongs or Acts. Subsequently, on February 27, 2014, Defendant filed a Motion to Exclude Evidence of Other Crimes, Wrongs or Acts. The Government filed an

Opposition to Defendant's Motion on the following day. On March 4, 2014, Defendant filed a Reply to the Government's Opposition.

## DISCUSSION

At issue is the sufficiency of the Government's notice, and whether the Court, at this stage of the proceedings, can preclude the Government from offering evidence pursuant to Guam Rules of Evidence ("GRE") 404(b). Rule 404(b) provides:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

GRE 404(b).

In its notice, the Government states that it intends to elicit and admit evidence of other crimes, wrongs or acts for the purposes of showing intent, knowledge, opportunity, and the absence of mistake or accident. The Government seeks to utilize evidence of other crimes, wrongs and acts as described in Police Reports: 07-35829 and Criminal Case CF0027-08. Notice at 1. The Government further states that it intends to introduce evidence of Defendant's other vehicle related incident involving alcohol. *Id.* The Government explains that the facts underlying Defendant's past arrest and conviction closely mimic the facts underlying this matter. *Id.* Finally, the Government cites to case law that would allow for the use of evidence pertaining to other crimes, wrongs or acts that occurred subsequent in time to the current case. *Id.* at 2.

Defendant argues that there is nothing under rule 404(b) that would establish that the prior arrest and conviction in any way would show intent, knowledge, opportunity, or absence of

mistake or accident. Mot. to Exclude at 2. Defendant argues that although the Government has listed every possible permitted use, they have not shown how any of those grounds would apply. *Id.* at 3.

In its opposition the Government argues that Defendant's motion is premature as what facts come out in trial will dictate whether a rationale under Rule 404(b) is present. Opp'n. at 1. The Government argues that they are merely giving notice to utilize said evidence in the event a basis is created at trial. *Id.* at. 2.

The reasonable notice requirement under rule 404(b) is "designed to reduce surprise and promote early resolution of admissibility issues." *U.S. v. Vega*, 118 F.3d 1150, 1153 (9th Cir. 1999). The prosecution is required to provide notice, "regardless of how it intends to use the extrinsic act evidence at trial . . . ." Fed. R. Evid. 404(b), advisory committee note, 1991 amendment. In *Vega*, the Ninth Circuit found that although the prosecution did not respond to the Defendant's pre-trial request for evidence intended to be offered, it was clear that the government intended to introduce evidence of the Defendant's prior acts. *Vega* at 1154. In finding that the government failed to disclose that information prior to trial, the Court determined that "[i]t is of no consequence that the government did not know with absolute certainty that it would introduce that evidence until the defendant took the stand. *Id.* at 1155.

In the present case, although the Government is uncertain as to whether it will actually introduce the evidence, it has provided notice that intends to utilize evidence of other crimes, wrongs and acts as described in Police Reports: 07-35829 and Criminal Case CF0027-08, and further, that it intends to introduce evidence of Defendant's other vehicle related incident involving alcohol. The Court deems this to be sufficient notice as, the rule requires that the government only give notice of the *"general nature* of any such evidence it intends to introduce at trial." GRE 404(b).

*People v. Ewing*
Case No. CM0075-14
Decision and Order

The admissibility of the evidence which the Government intends to utilize is a separate issue. The Guam Supreme Court has held that in order for the rule 404(b) evidence to be admissible, "the Government bears the burden of establishing that the evidence: (1) proves a material element of the crime currently charged; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote." *People v. Palisoc*, 2002 Guam 9, ¶ 8 (citing *People v. Evaristo*, 1999 Guam 22 ¶ 11). Based on the pleadings and the arguments put forth, the Government has not yet established that the evidence, which it seeks to utilize, is in fact admissible. The Government argues that at this time, there is no way of knowing whether or not a basis to use the 404(b) evidence will occur. Opp'n. at 2. They argue that such basis can only be identified at trial. Thus, the Government may not even bring forth said evidence at trial. Until that time, however, the Court is unable to determine the issue of admissibility. Therefore, at this juncture, the Court will deny Defendant's Motion to Exclude.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's *motion to exclude.*

**IT IS SO ORDERED** this 15ᵗʰ day of May, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto, was placed in the
courtbox of:
AG, PMR
Cunliffe & Cook
Date: 5/15/14 Time: 5:15 PV

Deputy Clerk, Superior Court of Guam

*People v. Ewing*
Case No. CM0075-14
Decision and Order